My name is Haleem Ansari, attorney for the petitioner Azra Taslimi. Per this court's order, I'd like to discuss how the decisions in Ramadan v. Gonzalez and a matter of I.S. and C.S. impacts the disposition of this case. In Ramadan, this court determined that it has jurisdiction to determine whether there's been changed circumstances so as to allow to the exception to the one-year filing of the asylum application. However, that court did not touch upon the issue of whether it has jurisdiction if there's been a reasonable period of time after the changed circumstances for the filing of the asylum application. However, the analysis of the law that was used in that case can be applied to our case to establish that there is jurisdiction by this court for the determination of whether there has been a reasonable period of time passed since the changed circumstances. It was a six-month period of time, was it? It was approximately a six-month period of time in this case. Do we have an 11-month period in an unpublished case or something? In the Huseyva v. Mukasey case, yes, that was 364 days after the ---- 364 days. Is that nine months? I don't know. Yeah. And on that case, it was after the extraordinary circumstances, whereas in our case, it's changed circumstances. In fact, in the Huseyva v. Mukasey case ---- But the extraordinary circumstances was the thing that triggered the ability to file, if you would, within a reasonable time. That's correct. That is correct. And here the circumstance that occurred was the conversion to Christianity. Conversion to Christianity. That triggered the ability then to file within a reasonable time. And so the question would be whether the six months was a reasonable time. The question is whether the six months was a reasonable time. Also, I believe this Court has not in any case determined whether it has jurisdiction to determine the reasonable period of time within the context of chance circumstances, since the Huseyva case was a reasonable period of time after the extraordinary circumstances. Why should there be a difference? It is our position that there is no difference, that this Court does have jurisdiction, just as stated in your analysis in the Ramadan case, that under the Real ID Act, this Court does have jurisdiction to review questions of law, which questions of law are the application of statutes and regulations to undisputed facts, and which is similar in this case. Let me just ask you one question I'm curious about. The I.J. told your client to file a motion to reconsider on voluntary departure. Remember that? Right, Your Honor, yes. That wasn't done. Was there a reason for that? No, Your Honor. Actually, in that context, presently we're more concerned about the order of removal being rather than voluntary departure being granted, and that it is our position that it is not necessary for an order of removal to be ordered in order for withholding of removal to be granted. Do you still maintain that position in light of I.S. and C.S., that it's not necessary to file an order of removal? Yes, Your Honor. In that case, the BIA states that in order for there to be a withholding of removal, there has to be necessarily an order of removal. However, we do not agree with that position. Just as in the case of the cancellation of removal, when the cancellation of removal is granted, the I.J. does not have to first give an order of removal and then grant the cancellation of removal. But there's been an order of removal when you have cancellation of removal. And I think the matter of I.S. and C.S. said when an immigration judge decides to grant withholding of removal absent a grant of asylum, an explicit order of removal must be included in the decision. And you disagree with that? Yes. We'd like for this Court to overturn that decision because, first of all, a withholding of removal is not necessary. But we wouldn't need to if we grant you your relief, right?  We won't even have to address that issue. So you don't need to further explain. Yes. I mean, if asylum is granted, that becomes a moot issue in this case. Why don't you have a seat? Okay.  Thank you very much. All right. Your Honors, please, the Court. I'm Stuart Nick. I'm on behalf of the Respondent in this case. With respect to this first question. On behalf of whom? Of the Respondent, the Attorney General, McCasey. Oh, okay. Sorry. With respect to the first question as to the applicability of this Court's decision in Ramadan, Ramadan does not grant the Court jurisdiction to review the determination that a delay in filing an asylum application after change of historic circumstances is reasonable. Ramadan specifically dealt with the issue of whether or not change circumstances existed, but not whether a delay was reasonable in relation to those change circumstances. Now, the question with respect to jurisdiction and whether or not the ---- Well, Ramadan held that we have jurisdiction to review mixed questions of law and fact. That's correct. Correct, Your Honor. And so the facts here are really not disputed. Oh, I wouldn't argue that there's a ---- I would not argue that there's a ---- Well ---- So then, so we've got the facts, and we've got a mixed question of fact and law here, and the law factor is whether the delay was reasonable, right? Correct, Your Honor. I think that the ---- So it's a mixed question of law and fact, and you're telling us we can't decide whether the delay was reasonable? No, Your Honor. What I'm saying is that the issue, there's no law to apply. It's the facts are not really disputed, but there is, it's, for a mixed question of law and fact, you have to have law to apply to those facts. And we have no law here? I mean, aside from the word reasonable in the regulations, there's no ---- It's a law, isn't it? Your Honor, I don't think there's a sufficient ---- It's a rule of law, isn't it? It's a legal, I mean, it's a word in a regulation which provides law. But I think the question, though, is whether or not there is a sufficient standard by which to judge the determination that a delay is reasonable. I mean, if the regulation had laid out, you know, specific factors which state, you know, which identify reasons why a delay may be reasonable or unreasonable, then perhaps there would be law to apply. But the regulation simply states that a Petitioner shall file the application within a reasonable time period. It doesn't, you know, give you any factors which to analyze, you know, which the immigration judge should have or should have not considered. And so I think that, I mean, that regulation doesn't really say exactly what sort of formula or calculus this Court should apply in determining whether or not ---- We have this, we have this, this, we have this in our case. Let's see. Wang v. Kessler. It says, Ramadan held that Section 106 of the Real ID Act of 2005 grants jurisdiction to review mixed questions of law and fact. Whether Wang filed her application in a reasonable amount of time after events affecting her eligibility is a mixed question of law and fact. So we've got a mixed question of law and fact here. I'm sorry. I'm actually not familiar with the case. I apologize for that. It's not published. I'm sorry. What was the name on it again, though? It was Wang v. Kessler? The name of the case is, here it is here. Wang v. Kessler, K-E-I-S-L-E-R, Acting Attorney General. And it's at 254 Fed Appendix 572, 207 Law Week, 328345. But you have a Ninth Circuit case that says the same thing, the Houssieff case versus McCossie. And it, as I read it, it says, relying on Ramadan, it held that the courts retained jurisdiction to review the reasonableness of delay in filing under the extraordinary circumstances exception. Yes, that's correct, Your Honor, as did the court in the Tatal case, which came after  I think the question, though, if you look at the court's decision in Houssieff, the court had to look to the preamble of the regulations that adopted the change in extraordinary circumstances definitions in order to figure out whether or not this delay was reasonable. And in the preamble, there's a specific thing, a specific portion of the preamble which talks about extraordinary circumstances related to a falling out of lawful immigration status. And in the preamble, it says that a delay of more than six months or a delay of six months would be reasonable, and that a delay of less than six months would be decided on a case-by-case basis with the decisionmaker taking into account the totality of the circumstances. So you had a regulation which or a portion of the preamble which, I mean, if you reach the merits of it, I think actually supports our argument here. But the court had to look to that preamble to find out whether or not a delay was reasonable. And so in that situation, you did have law to apply. And you had this portion of the preamble which kind of made this distinction between a six-month period and any period longer. You don't have that same situation here. I mean, that provision of the preamble does not apply to the question of changed circumstances arising after the material effect. Kennedy. She filed hers in any event. Did she file her application a few days short of six months? That's what the immigration judge said, yes. That's what the immigration judge said. If you actually calculate it out, it's just shy of seven months. This is a crazy case, you know. I mean, here's a woman. She converts to Christianity. She wanted to make sure, you know, that it really, really held on to her. So she waits a period of time just to see. It's not like a flash, you know. And then she's satisfied. She made a big decision in her life. So, you know, we ought to kind of respect that instead of making life harder for her. So, anyway, listen, we got your briefs. We understand all the facts and the law. And we welcome you here to Pasadena. Well, thank you, Your Honor. You had a good trip, anyway. Thank you. Thank you. Okay, sure. All right. The next case is Romero v. Lucchese. Thank you.
judges: Pregerson, D.W. Nelson, Thompson